EASTERN DIST.
February, 1838.

BAHAM ET AL.
vs.
BAHAM.

# BAHAM ET AL. vs. BAHAM.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. TAMMANY, THE JUDGE THEREOF PRESIDING.

After a partition by licitation, among heirs of full age, ordered by the Probate Court, in which one of them purchased in the land to be divided, and gave his notes for the price: *Held*, in a petitory action by some of the heirs to recover their share in this land, on the ground of irregularity and nullity in the proceedings, that any acts done by them subsequently, amounting to a ratification of the sale, precludes a recovery, even without inquiring into the nullities alleged.

This is a petitory action to recover two-thirds of a tract of six hundred and forty acres of land, formerly held in common between the plaintiffs and the defendant, free persons of color, in the parish of St. Tammany.

The defendant holds the land in question, in virtue of a Probate sale, made to him the 27th of May, 1835, in which the plaintiffs and defendant were all parties, and of age.

The plaintiffs set forth various grounds of irregularity and nullity in the proceedings of the Probate Court, ordering the partition; and allege, that the sale made in consequence thereof, to effect a partition, is null, because the forms of law were not pursued, and that they were not divested of their title to their share in the land.

The defendant gave his notes for the purchase, which were divided among the plaintiffs, and some attempts made to collect them: afterwards, becoming dissatisfied with the partition, they instituted this suit, disregarding it, and claiming their original shares in the property partaken in the division.

Judgment was rendered for the defendant, and the plaintiffs appealed.

*Hennen,* for the plaintiff.

*Penn, contra.*

*Carleton, J.*, delivered the opinion of the court.

The plaintiffs instituted this suit, for the recovery of two-thirds of a tract of land inherited by them and the defendant, as co-heirs of their common father, in the year 1827.

EASTERN DIST.
*February*, 1838.
BAHAM ET AL.
*vs.*
BAHAM.

The defendant pleads the general issue, and avers that he is the rightful owner of the land, under a sale made by the Probate Court of the parish of St. Tammany, in virtue of a judgment of partition had at the instance of the plaintiffs, who acquiesced therein, and received a part of the price in money, and his obligations for the balance.

The court decreed in favor of the defendant, and maintained him in possession of the land. The plaintiffs appealed.

At the trial of the cause, the defendant introduced the record and proceedings in the Court of Probates, instituted in order to effect the partition.

It appears that there were six heirs and joint owners of the land in question, three of whom, Pierre, Simon, and Salvador, were the plaintiffs in partition; that they caused to be cited Voltaire, Celestine, and Hortense, who admit their joint possession, and pray that the land be sold at one, two, and three years credit, and the proceeds divided.

There was a decree of the court accordingly, and the land was struck off at auction to Voltaire, and to Arceuil Duport, the husband of Celestine, for one thousand two hundred dollars, for which sum they furnished promissory notes, payable at one, two, and three years, in sums convenient for partition among the co-proprietors.

A variety of objections, relating mostly to matters of form, have been raised by the plaintiffs, against the validity of the proceedings.

Courts should listen with great caution to objections of this nature, when no injustice appears to have been done. The formalities prescribed by law for the conducting of suits and the fulfilment of contracts, are intended as a safeguard to protect the rights of the parties, and should never be used as a weapon to inflict an injury. In the case now under consideration, the sale took place on the 27th of May, 1835,

and no complaint was heard until the 27th of August, 1836, when the plaintiffs filed their petition. The parties were all of age, present, and assisted by their counsel, and the whole proceedings appear to have been conducted with good faith; and with a perfect understanding as to the common object in view.. The opinion, however, which the court have formed in the case, renders it unnecessary we should enter into an examination of the causes of nullity alleged by the appellants.

*Ellis,* one of the witnesses introduced by themselves, stated that some of the notes were given up to the parties, who tried to get them discounted, but not succeeding, returned, and made a private deposit of them in the parish judge's office ; thinks Pierre was one who called for the notes.

*A. G. Penn,* a witness on the part of the defendant, stated that Pierre offered one of the notes given for the land ; thinks that Simon mentioned the subject to him ; is not certain. Witness is cashier of the bank, and endorser on the notes. Two of the plaintiffs spoke of offering the notes for discount, but witness told them not to offer them, as he was endorser ; and further, that the notes had more than twelve months to run.

This testimony, standing as it does, wholly uncontradicted upon the record, shows what, in our opinion, amounts to a ratification of the sale ; and that any objections on the part of the plaintiffs against the irregularity of the proceedings, if any have intervened, comes too late.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

After a partition by licitation among heirs of full age, ordered by the Probate Court, in which one of them purchased in the land to be divided, and gave his notes for the price : *Held,* in a petitory action by some of the heirs, to recover their share in this land, on the ground of irregularity and nullity in the proceedings, that any acts done by them subsequently, amounting to a ratification of the sale, precludes a recovery without inquiring into the nullities alleged.